IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | | |
|---|---|---|
| **KANTON TALLEY,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 3:07-0407** |
| | ) | **(Criminal No. 3:05-0207)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Movant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on June 28, 2007.[1] (Document No. 54.) Movant stated two grounds for relief under Section 2255 as follows:

> Ground One: Movant is detained in violation of the Fifth Amendment.
>
> Supporting Facts: After sentencing the Movant was not informed by the trial court of his right to appeal pursuant to Federal Rule of Criminal Procedure 32(j)(1)(B).
>
> Ground Two: The Movant is detained in violation of the Sixth Amendment.
>
> Supporting Facts: Counsel [Assistant Federal Public Defender Michael Desautels] failed to file a timely objection to the presentence report pursuant to Federal Rule of Criminal Procedure 32(f)(1).

By two count Indictment filed on October 12, 2005, Movant was charged with knowingly and intentionally possessing fifty grams of more of cocaine base on or about April 27, 2005, and aiding and abetting its possession with the intention of distributing it in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One) and using and carrying firearms on or about April 27, 2005, during

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Two.). <u>United States v. Talley</u>, Criminal No. 3:05-0270, Document No. 1. Movant entered a letter-form plea agreement with Respondent and pled guilty to the charges contained in the Indictment on February 14, 2006. (<u>Id.</u>, Document Nos. 42 - 45.) The Court sentenced Movant on May 23, 2006, to a 140 month term of imprisonment upon his conviction of the charges contained in Court One of the Indictment and a 60 month term of imprisonment upon the his conviction of the charge contained in Count Two to run consecutively, and concurrent five year terms of supervised release and imposed a $100 special assessment. (<u>Id.</u>, Document No. 53.) Movant did not appeal his conviction or sentence. Rather, Movant filed his Section 2255 Motion on June 28, 2007. (Document No. 54.)[2]

---

[2] It appears that Movant's Motion was filed after expiration of Section 2255's one year period of limitation and is therefore untimely. Section 2255 provides that the one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

Movant's sentence became final on or about June 5, 2006, ten days after the District Court entered its Judgment (May 24, 2006). Movant had until on or about June 5, 2007, to file his Section 2255 Motion and filed it on June 28, 2007, about three weeks late. *See McClure v. United States*, 2008 WL 629997, * 5 (N.D.W.Va.)(Period of limitation not equitably tolled where Movant waited eleven months before contacting the Fourth Circuit and learning that a direct appeal had not been filed and, having learned three weeks before the period of limitation expired that his only recourse was through a Section 2255 motion, waiting six weeks to file it.).

By Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) filed on May 2, 2008, the District Court reduced Movant's sentence to 120 months upon his drug conviction plus 60 months upon his firearm conviction. (Document No. 68.) Movant filed a notice of appeal on May 29, 2008. (Document No. 70.) The Fourth Circuit remanded the matter to the District Court to determine whether Movant could show good cause or excusable neglect for filing his notice of appeal late and an extension of the time for doing so was in order. (Document No. 76.) Movant claimed that he was in segregation and unable to access legal materials (Document No. 78.), and the District Court determined that Movant did not demonstrate good cause or excusable neglect for failing to file his notice of appeal on time (Document No. 79.). The Fourth Circuit agreed and dismissed his appeal. (Document No. 84.)

In consideration of Movant's June 28, 2007, Section 2255 Motion, the Court filed an Order on that day, requiring Respondent to file a Response to Movant's Motion and allowing Movant to file a Reply. (Document No. 58.) Respondent filed a Response on July 20, 2007. (Document No. 60.) Respondent asserted that contrary to Movant's claims the District Court informed Movant of his right to appeal his convictions and sentence and his attorney filed objections to his Presentence Investigation Report. Respondent attaches a copy of the transcript of Movant's May 23, 2006, sentencing hearing and Assistant Federal Public Defender Megan Schueler's May 1, 2006, letter to United States Probation Officer James stating Movant's objections to the Presentence Investigation Report.

On July 23, 2007, the Court filed an Order notifying Movant that he could file a Reply to Respondent's Response. (Document No. 61.) Movant filed a Reply on September 17, 2007. (Document No. 65.) Movant conceded that Ms. Schueler timely filed objections to his Presentence

Investigation Report "and therefore Movant's second ground for relief should be summarily dismissed." (Id., p. 2.) Movant continued to maintain notwithstanding the District Court's informing him of his right to appeal that the District Court "failed to inform him of his right to have a timely notice of appeal prepared and filed by the clerk upon request." Movant further contended that the Court's failure to inform him of that right violates the Fifth Amendment of the United States Constitution." (Id., p. 3.)

## **DISCUSSION**

Movant initially claimed that the District Court failed to advise him of his right to appeal pursuant to Federal Rule of Criminal Procedure 32(j)(1)(B), and Respondent submitted a copy of the transcript of Movant's sentencing hearing indicating that the following exchange occurred:

> District Court: Mr. Talley, you have a right to appeal this sentence. If you want to appeal, you have to file a written notice of appeal with the Clerk of this Court within 10 days of judgment being entered in your case. If you fail to file that written notice of appeal within this 10-day period, you may lose your right to appeal. Do you understand that?
>
> Movant: Yes, sir.
>
> District Court: Also, if you file that notice of appeal and the Court finds you don't have the money to hire a lawyer or to get documents for an appeal, those costs will be borne by the United States. Do you understand that?
>
> Movant: Yes, sir.

Having Respondent's Response and seeing that the District Court advised him of his right to appeal pursuant to Rule 32(j)(1)(B), Movant claimed that the District Court "failed to inform him of his right to have a timely notice of appeal prepared and filed by the clerk upon request" pursuant to Rule 32(j)(2). Federal Rule of Criminal Procedure 32(j) provides as follows:

4

  **(1) Advice of a Right to Appeal.**
    **(A) Appealing a Conviction.** If the defendant pleaded guilty and was convicted, after sentencing, the court must advise the defendant of the right to appeal the conviction.
    **(B) Appealing a Sentence.** After sentencing – regardless of the defendant's plea – the court must advise the defendant of any right to appeal the sentence.
    **(C) Appeal Costs.** The Court must advise a defendant who is unable to pay appeal costs of the right to ask fo permission to appeal in forma pauperis.
  **(2) Clerk's Filing of Notice.** If the defendant so requests, the clerk must immediately prepare and file a notice of appeal on the defendant's behalf.

Rule 32(j)(1) requires the District Court to advise defendants of their right to appeal their convictions and sentences and proceed *in forma pauperis*, but Rule 32(j)(2) does not require the District Court to advise defendants that they may request that the Clerk of the Court prepare and file their notices of appeal. The District Court clearly met its obligation to advise Movant of his right to appeal and had no obligation to advise Movant that he could request that the Clerk prepare and file a notice of appeal. For this reason, Movant's claim is without merit.[3]

## PROPOSAL AND RECOMMENDATION

  The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed on March 31, 2005 (Document No. 54.) and remove this matter from the Court's docket.

---

[3] The undersigned notes that "[A] court's failure to give a defendant advice required by the Federal Rules is a sufficient basis for collateral relief only when the defendant is prejudiced by the court's error." *Peguero v. United States*, 526 U.S. 23, 27, 119 S.Ct. 961, 964, 143 L.Ed.2d 18 (1999)(A defendant who knows of his right to appeal independently is not prejudiced by a court's failure to advise him of the right.).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se*[4] and transmit a copy to counsel of record.

Date: August 27, 2010.

R. Clarke VanDervort
United States Magistrate Judge

---

[4] The Bureau of Prisons' Inmate Locator indicates that Movant is currently incarcerated at FCI Gilmer, P.O. Box 6000, Gilmer, West Virginia 26351.